# State *v.* Dyer.

## (*Nashville,* December Term, 1936.)

Opinion filed February 1, 1937.

W. F. Barry, Jr., Assistant Attorney-General, for plaintiff in error.

Raulston & Raulston, of Jasper, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

The State appealed from the judgment of the trial court sustaining defendant's motion to quash the indictment. It was charged in the indictment that the defendant, Tom Dyer, "did unlawfully and willfully catch fish from the Tennessee river by means of a dip net within 300 feet of Hale's Bar Lock and Dam." Defendant insists that the indictment is void because the statute was not intended to forbid the use of dip nets, but was designed to prevent obstructions at dams and at the mouth of streams. Section 45, chap. 51, Pub. Acts of 1931, provides:

"That fishing for the market in the waters and streams of Tennessee is permitted, provided that fishing for the market in the Cumberland, Mississippi, Tennessee, Big Sandy, Obion, Big Hatchie, Holston, Forked Deer and French Broad Rivers is hereby declared to be an exception to the foregoing provisions of this Act to the extent:

"Taking fishes from said rivers by means of trammel net, baskets, dip nets, set nets, but not including seines, shall be permitted, and shall not be deemed unlawful in

said rivers, is hereby made strictly subject to the following terms and provisions:

"1. No fish deemed to be game fish, taken from any waters of the State shall be sold or offered for sale at any time.

"2. Seines are at all times and places forbidden.

"3. The closed season shall be strictly applicable to fishing in said rivers.

"4. The provisions of Section 44 relating to the release of small fishes shall be observed.

"5. Every such basket or net used in taking fish in said streams shall have meshes of not less than two inches square, so as to permit escape of the smaller fishes.

"6. No net or basket or other obstructions shall be placed at or within the mouth of any river, creek, brooks, slough, or inlet or outlet, nor within two hundred feet thereof, counting from the nearest margin thereof, nor within three hundred feet of any lock or dam."

To discover the intention of the Legislature, we must consider not merely the language used, but the general purpose and tenor of the statute. When the statute is so considered, it appears that the object of the foregoing provision was to protect and conserve fish (1) where they are obstructed in their progress upstream by dams; (2) where they gather near the mouth of tributary streams. To accomplish that end, the Legislature prohibited the taking of fish at such places by means of trammel nets, baskets, dip nets and set nets. That intention appears when the paragraph immediately preceding subsection 1, section 45, and subsection 6, section 45, are considered in their context. By the first provision, fish may be taken by means of trammel nets, baskets, dip nets, and set nets subject to the terms but not con-

trary to the provisions of subsection 6. That is to say, no net or basket or other obstruction may be placed within the mouth of any river, creek, etc., nor within 300 feet of any lock or dam. This provision was intended to prevent the use, at dams, and at the mouth of streams, of all the things mentioned in the second paragraph of section 45 of the act, which includes trammel nets, baskets, dip nets, and set nets, the use of which is made permissible elsewhere in navigable streams.

The judgment of the trial court quashing the indictment is reversed and the cause remanded for further proceedings.